IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GLENN A. WALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-073 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Glenn A. Wall appeals the decision of the Acting Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

**I.   BACKGROUND**

Plaintiff applied for DIB on May 31, 2011, alleging a disability onset date of November 17, 2010. Tr. ("R."), pp. 10, 165-71. Plaintiff was forty-five years old at his alleged disability onset date and was forty-seven years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 38, 50, 192. Plaintiff applied for disability based on allegations of degenerative disc disease, sciatic nerve pain, arthritis, bulging discs, and

depression. R. 196. His last insured date for DIB was December 15, 2015. R. 10, 182. Plaintiff graduated from high school, and prior to his alleged disability had accrued a relevant work history that included a flooring installer and a sales person of floor coverings. R. 36, 51, 69, 197.

The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 76-115, 129-31. Plaintiff requested a hearing before the ALJ, R. 136, and the ALJ held a hearing on June 25, 2013. R. 45-75. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by the same counsel appearing in this appeal, as well as from Jacqueline Kennedy, a Vocational Expert. Id. On August 30, 2013, the ALJ issued an unfavorable decision. R. 7-44.

Applying the five-step sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since November 17, 2010, the alleged onset date (20 C.F.R. § 404.1571 *et seq*.).

2. The claimant has the following combination of severe impairments: degenerative disc disease of the lumbar spine, a history of deep vein thrombosis, obesity, depression, and somatoform disorder (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 & 404.1526).

4. The claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that he must have the option to alternate between sitting and standing at thirty minute intervals. He can occasionally push and pull with his right lower extremity. He can never climb ladders, ropes, or scaffolds or crawl. He can frequently balance and he can occasionally climb stairs or ramps, stoop, kneel, or crouch. He must avoid concentrated exposure to vibration, unprotected heights, and dangerous machinery. He is limited to simple tasks with only infrequent/casual interactions with co-workers, supervisors, and the public. In addition, changes in the work setting should be infrequent and introduced

2

       gradually. The claimant is unable to perform his past relevant work as an installer or sales person of floor coverings (20 C.F.R § 404.1565).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including waxer, final assembler, and charger 2. (20 C.F.R. §§ 404.1569, 404.1569(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from November 17, 2010, through August 30, 2013 (the date of the ALJ's decision) (20 C.F.R. § 404.1520(g)).

R. 12-38.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-3, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ (1) erred in determining Plaintiff's testimony was not entirely credible, and (2) "erred in misconstruing and misstating the abundant medical evidence that this Plaintiff was disabled." See doc. no. 10 ("Pl.'s Br."). Plaintiff also asserts the AC denied him a full administrative review by refusing to review the ALJ's decision without acknowledging his counsel's request for a copy of the recording of the administrative hearing and for an extension of time to file a brief after receipt of the recording. Id.

The Commissioner maintains that the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 11 (Comm'r's Br."). The Commissioner further argues that remand to the AC for further briefing is unnecessary because counsel did nothing for approximately a year and a half to follow up on her request for a copy of the recording of the hearing, and in any event, can show no prejudice. Id.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of Commissioner's legal conclusions are not subject to substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Before addressing the substance of Plaintiff's claims, the Court must address his counsel's failure to meet the basic requirements of the Court's briefing order. The Court instructed counsel for both sides to present "[l]egal argument, supported by specific references to the record and citations of legal authority." Doc. no. 9, p. 2. In Plaintiff's brief, after reciting the standard of review which appears at the beginning of every Report and Recommendation from this Court, there is not one citation of legal authority in support of any of Plaintiff's arguments. Pl.'s Br., pp. 4-11. Rather, under each heading of alleged error, Plaintiff simply cites to select portions of the record without reference to, or explanation as to how, the ALJ's assessment of the entire record was legally insufficient under controlling case law in the Eleventh Circuit. There is no citation to the standard for evaluating physician opinions or subjective complaints from a claimant, let alone any legal argument as to how the ALJ allegedly failed to meet those standards anywhere in her detailed administrative decision.

Plaintiff seemingly wants the Court to revisit the issue of disability *de novo*. The law does not allow the Court to do this. The standard is not that the Court might be able to apply a different interpretation to the record evidence than that applied by the Commissioner. A

5

determination as to whether there is substantial evidence in the record to support fact findings does not involve reweighing evidence, trying issues *de novo*, or substituting the Court's judgment for that of the Commissioner. Moore, 405 F.3d at 1211. As explained below, Plaintiff's arguments, based solely on a recitation of certain evidence cited without context or reference to the ALJ's analysis, do not present any valid basis for reversal or remand.

### A. The Case Should Not Be Remanded to the AC for Further Briefing.

Two weeks after the ALJ issued her unfavorable opinion, Plaintiff's counsel requested review of the ALJ's decision by the AC and asked for a recording of the hearing and the opportunity to submit a brief and additional evidence thirty days after receipt of the recording. R. 5-6. Plaintiff's counsel never received a response to her request, (Pl.'s Br., p. 5), and with no follow-up action taken by counsel to move the appeal process forward, approximately a year and a half later, the AC denied the request for review. R. 1-3. Plaintiff argues the AC's failure to provide the hearing recording and allow for briefing "effectively denied him his right to full administrative review," but he cites no legal authority in support. Pl.'s Br., pp. 5, 6. Nor does Plaintiff explain what arguments he wants to brief to the AC or why he needed a copy of the hearing recording to make those arguments, particularly when both Plaintiff and his current counsel attended the administrative hearing.

As the Commissioner acknowledges, the regulations state the AC may provide copies or summaries of oral hearings upon request and provide a "reasonable opportunity" to file briefing. Comm'r's Br., p. 4 (citing 20 C.F.R. §§ 404.974, 404.975). However, she argues, that a year and half without following-up on the request or otherwise submitting a brief amounts to a waiver of the opportunity to submit a brief. Id.

The Commissioner further argues, this time with the benefit of legal authority, that even if Plaintiff did not waive his rights by failing to take any action for a year and half, he cannot show prejudice that requires remand. Id. at 4-5. The Court agrees. The AC will review cases when there appears to be an abuse of discretion, an error of law, a lack of substantial evidence to support the decision, or a broad policy or procedural issue of public importance. 20 C.F.R. § 404.970. The AC's decision denying review stated these criteria but found no reason for review. R. 1-2. Despite receiving a transcript of the hearing as part of these court proceedings, Plaintiff has not identified any particular issue which he believes would qualify for review under these criteria for which a copy of the hearing would have been required. Moreover, Plaintiff had the opportunity to raise any alleged errors in his briefing to this Court, so he can show no prejudice. See Evans-Ponio ex rel. T.J. v. Astrue, No. 8:08-cv-1363-T-24 HTS, 2009 WL 2242627, at *6 (M.D. Fla. July 27, 2009) (finding no prejudice and therefore no basis for remand to AC where claimant did not receive copy of file and recording of hearing but ultimately had claims heard in federal court). Accordingly, there is no reason to remand this case to the AC for further briefing.

**B.     The ALJ Properly Analyzed Plaintiff's Subjective Complaints.**

Plaintiff next argues the "ALJ erred in not completely crediting the testimony of Plaintiff" for four reasons. Pl.'s Br., p. 5. There is no legal authority offered in support of any of the four reasons, which are merely citations to the record where various doctors or examiners made comments about Plaintiff's credibility and a recognition that Plaintiff has a twenty-five year work history during which he always paid his taxes. Id. at 5-6. There is no attempt to connect the four offered reasons to any particular portion of Plaintiff's testimony before the ALJ or any particular portion of the ALJ's extensive review of the medical evidence and analysis of

7

Plaintiff's credibility. The Commissioner correctly and succinctly summarizes Plaintiff's argument and the relevant legal issue as follows:

> Plaintiff challenges the ALJ's credibility findings because (1) two examining doctors believed he was honest and reliable in his reports at the time of their examinations; (2) his June 2013 McGill Pain Scale score did not reflect exaggeration; and (3) he has a long work history. Pl.'s Br. at 5-6. The issue, however, is whether substantial evidence supports the ALJ's decision, not whether substantial evidence also supports the opposite finding.

Comm'r's Br., p. 6.

### 1. The Standard for Evaluating Subjective Complaints

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (citing 20 C.F.R. § 404.1529(c)(4)).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[1] As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

When reviewing the ALJ's credibility determination, "[t]he question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." Werner v. Comm'r of Soc. Sec., 421 F. App'x 935, 939 & n.3 (11th Cir. 2011). As explained below, the ALJ properly conducted the Holt analysis and reached the conclusion that Plaintiff's medically determinable impairments could possibly cause the alleged symptoms, but his subjective complaints concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible. R. 33-36.

### 2. The ALJ Thoroughly Discussed and Properly Discredited Plaintiff's Subjective Complaints.

The ALJ conducted a thorough and sifting examination of the medical record, carefully compared the medical record with Plaintiff's subjective complaints to determine whether Plaintiff's medical condition could be expected to give rise to the level of limitations he claimed,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

9

and specifically articulated the reasons supporting her credibility determination. R. 15-36. First, despite extensive examinations and tests of Plaintiff's spine and lower extremities, there was no objective evidence showing "any significant pathology of his lumbar spine or any radiculopathy or peripheral neuropathy affecting his lower extremities that would explain the severity of symptoms reported by [Plaintiff] during the hearing." R. 33. The ALJ buttressed this conclusion with a recitation of various normal test results or results showing minimal disc bulges. R. 33-34 (citing Ex. 36F, pp. 1-2, 13). The ALJ also cited an examination from 2011 where Plaintiff complained of intolerable back, buttock, and leg pain but had intact motor strength in his upper and lower extremities and was able to sit up and get off the examination table without difficulty despite lying flat on his back for most of the examination. R. 34 (citing Ex. 5F).

The ALJ next cited a 2012 examination where Plaintiff had normal muscle strength in all muscle groups and normal muscle bulk and tone, a somewhat unexpected result if Plaintiff's activities were restricted as alleged. R. 34 (citing Ex. 38F). The ALJ also noted a finding from January 2013 where Plaintiff's range of motion was within normal limits and given the nature of Plaintiff's pain, "there was no significant pathology to correlate with it and that surgery was not recommended." R. 34 (citing Ex. 25F). The ALJ also noted that despite testifying he had intractable back pain, he reported during a June 2013 office visit that his pain is controlled when he takes his prescribed pain medication. R. 34 (citing Ex. 32F).

In further support of her credibility determination, the ALJ pointed out Plaintiff has never been fully compliant with his recommended treatment, having failed to complete any of several physical therapy and home exercise programs prescribed for him and admitting to not always following his prescribed medicinal regimen and sometimes taking his wife's pain medication. R. 34 (citing Exs. 5F, 8F, and 25F). Furthermore, although Plaintiff uses a walker and showed up

10

to the administrative hearing in a wheelchair, no doctor has prescribed the use of any such assistive device, suggesting an exaggeration of the severity of his symptoms. R. 15, 35, 57. Moreover, despite Plaintiff's claimed functional limitations, the ALJ noted Plaintiff had reported in November 2012 that he had been working with his son repairing a thermostat and water pump on a car. R. 35 (citing R. 1073). In addition, despite reported difficulty lifting things, Plaintiff self-reported an ability to lift about twenty pounds. R. 15, 243.

Plaintiff offers nothing to validly undermine the ALJ's credibility determination. As explained above, the ALJ thoroughly compared Plaintiff's subjective complaints during the hearing to the record evidence and explicitly stated her reasons for rejecting the claimed severity of Plaintiff's limitations. Plaintiff's current arguments about what doctors or examiners thought about Plaintiff's efforts, honesty, or credibility when he appeared before them on one occasion does not establish any error in the ALJ's Holt analysis that properly compared Plaintiff's subjective complaints against the entirety of the record. Thus, Plaintiff's suggestion the ALJ should somehow be faulted for failing to mention two doctor's opinions about Plaintiff's credibility is a red herring because the determination this Court must make concerns whether the ALJ conducted a proper credibility analysis in light of Plaintiff's testimony and the entirety of the record. Plaintiff offers nothing to undermine the accuracy of the ALJ's credibility analysis as delivered in toto.

In sum, the ALJ relied on numerous pieces of information in assessing Plaintiff's credibility. The ALJ properly considered the record evidence in total in discrediting Plaintiff's subjective complaints. The ALJ pointed out inconsistencies between Plaintiff's testimony and the objective evidence of record, found no evidence from a treating or examining physician supported the severe limitations reported by Plaintiff, and noted that nothing in the record would

11

support a finding that Plaintiff could not perform sedentary work with the limitations noted. Although Plaintiff may disagree with the conclusion reached by the ALJ, the credibility determination is supported by substantial evidence.

### C. The ALJ Properly Weighed the Expert Medical Opinions.

In an argument that dovetails with his credibility argument, Plaintiff also contends the ALJ erred "in misconstruing and misstating the abundant medical evidence" that he is disabled, and these alleged misstatements were used improperly to discredit his subjective complaints. Pl.'s Br., p. 6. The Commissioner asserts the ALJ properly considered Plaintiff's impairments as a whole, discussed Plaintiff's various diagnoses and the objective medical evidence, and determined Plaintiff could perform sedentary work with the limitations noted. Comm'r's Br., pp. 7-11.

#### 1. Standard for Evaluating Medical Opinions

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the

physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding daily activities).

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)). In particular, the Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists. See 20 C.F.R. §§ 404.1527(c)(1)-(2), (5). However, Social Security Ruling ("SSR") 96-6p provides that findings of fact made by state agency medical consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review. SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996). Lastly, under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p, 1996 WL 374183, at *1, 2 (July 2, 1996); see also 20 C.F.R. § 404.1527(d).

13

## 2. The ALJ Properly Evaluated the Totality of the Medical Evidence to Determine Plaintiff Could Perform Sedentary Work with Limitations and Therefore Was Not Disabled.

Plaintiff's argument on this point suffers from the same fatal flaw as his other arguments, lack of citation of legal authority in support of his position. Just as problematic for this claim is a lack of coherent detail. In a single paragraph covering three pages, Plaintiff simply lists various notations from five different doctors concerning Plaintiff's pain and use of a walker. Id. at 6-8. Plaintiff does not identify his treatment relationship with these doctors, *i.e.*, treating physician versus one-time examiner, and he places just as much emphasis on comments from his cardiologist and psychiatrist about things like back pain and use of a walker, clearly not their areas of expertise, as he does from the surgeon who operated on Plaintiff for a herniated disk. Id. He then provides a list of his various diagnoses and prescribed medications. Id. at 8-9. Even then, the list of "many drugs" supposedly prescribed to relieve the pain in Plaintiff's back and legs that would prevent him from all work includes a blood thinner (Coumadin), several anti-depressants/anxiety medicines (Wellbutrin, Ability, Venlafaxine, Elavil), and a hormone replacement (Synthroid). The argument provides no basis for reversal or remand.

The ALJ conducted an extremely thorough and comprehensive review of the medical evidence of record as a whole. She compared the objective medical evidence of record, weighted according to the requirements of Social Security regulations and case law set forth above, to determine Plaintiff could perform sedentary work. She included a detailed list of limitations, including, among other things, a sit/stand option at thirty minute intervals and performance of simple tasks with only infrequent/casual interactions with co-workers, supervisors, and the public, as well as infrequent changes to the work setting. R. 14-15. Contrary to Plaintiff's suggestion the ALJ missed impairments other than his back and leg pain,

14

(Pl.'s Br., pp. 9-10), the ALJ identified Plaintiff's history of deep vein thrombosis as a severe impairment, (R. 12, 27-28), and discussed his arthroscopic knee surgery, R. 23, as well as his mental health issues, (see, e.g., R. 21, 22, 24, 27, 29).[2]

Plaintiff focuses the bulk of his argument in this section on his use of a walker and the ALJ citing his use of this device as a reason undercutting his credibility. According to Plaintiff's speculation, "surely some of his treating sources would have mentioned" if it was inappropriate to use a walker. (Pl.'s Br., p. 7.) As discussed above, use of the walker was only one component of the ALJ's credibility analysis. In any event, Plaintiff has failed to show any doctor ever prescribed use of a walker, let alone the wheelchair with which he showed up to the administrative hearing. Thus, as the ALJ explained, the examination conducted by an occupational therapist upon which Plaintiff relies heavily to argue he does not have the ability to perform any work, (Pl.'s Br., pp. 7-8 (citing Exs. 39F, 40F)), is of little value because, among several reasons identified, the non-medically prescribed walker, was used throughout the examination and negatively impacted Plaintiff's performance.

Contrary to Plaintiff's assertion, the ALJ did not have an affirmative duty "to contact the doctors to determine their thoughts on the use of a walker." Pl.'s Br., p. 7. The ALJ had extensive medical records from numerous doctors containing their objective medical

---

[2]In the midst of Plaintiff's argument suggesting he had more work limitations than those identified by the ALJ, Plaintiff contends the ALJ "simply made . . . up" a reference to somatoform disorder. Pl.'s Br., p. 10. The argument is puzzling not only because it appears to undercut his contention that he had more debilitating impairments than the ALJ recognized, but also because the record is replete with the ALJ's identification of medical tests and reports that "have failed to show any significant pathology of his lumbar spine or any radiculopathy or peripheral neuropathy affecting his lower extremities that would explain the severity of the symptoms reported by Plaintiff." R. 33. According to Listing 12.07, somatoform disorder is defined as "[p]hysical symptoms for which there are no demonstrable organic findings or known psychological mechanisms." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.07.

findings, none of which included a prescription for a walker or other assistive device, from which she could make an informed decision. See Ingram v. Comm'r Soc. Sec. Admin., 496 F.3d 1253, 1269 (11th Cir. 2007) (recognizing ALJ not required to seek additional medical information so long as record contains sufficient information to make informed decision on claimant's application).

Moreover, simply listing various diagnoses and medications does not support the sweeping conclusion of "abundant medical evidence that this Plaintiff was disabled." Not only is the ultimate conclusion on disability an issue reserved for the Commissioner, SSR 96-5p, but disability hinges on the functional limitations attendant to diagnoses that would prevent an individual from working, not the mere existence of an impairment. See Moore, 405 F.3d at 1213 n.6 ("[T]he mere existence of these impairments does not reveal the extent to which they limit [the claimant's] ability to work or undermine the ALJ's determination in that regard."); see also 20 C.F.R. § 404.1520(e)-(f).

In categorizing the physical exertion requirements of jobs, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R § 404.1567. Sedentary work, the lowest exertional level in the job categories, is defined as:

> lifting no more than 10 pounds at a time and occasional lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). Plaintiff suggests the ALJ left out certain statements from various doctors that he thinks shows the ALJ somehow misunderstood or misstated the record. But he never explains how his select citations undermine the totality of the ALJ's analysis of the

16

medical record or give specific examples of how any of his cited portions of the record show that he is unable to perform a restricted level of sedentary work as identified by the ALJ. Plaintiff bears the burden of demonstrating disability. Doughty v. Apfel, 245 F.3d 1274, 1279-80 (11th Cir. 2001). His select citations to various portions of the record which he believes could support a different interpretation of the evidence is not sufficient because the narrowly circumscribed nature of review does not involve re-weighing the evidence or substituting the judgment of the Court for that of the Commissioner. Moore, 405 F.3d at 1213.

In sum, the Court finds no error with the manner in which the ALJ performed her thorough and sifting analysis of the medical evidence of record. Plaintiff offers no legal support for his argument on this point, and simply identifies certain portions of the evidence which he believes could be interpreted differently. Such speculation, in the face of an ALJ's analysis supported by substantial evidence, is insufficient to warrant reversal or remand.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 18th day of April, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

17